■ YONKERS CONTRACTING COMPANY, INC., Respondent-Appellant, v. NEW YORK STATE THRUWAY AUTHORITY, Appellant-Respondent. (Claim No. 36841.) — Judgment unanimously modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs of these appeals to either party. Certain findings of facts disapproved and reversed and new findings made. Memorandum: The Authority appeals from the parts of a judgment of the Court of Claims which awarded claimant $228,614.92 on its claim for increased cost incurred because of the Authority's alleged breach of warranty and a misrepresentation of the quantities of unclassified excavation and its withholding of information as to soil conditions. It also appeals from the allowance of $2,128.27 to claimant for engineering and inspection charges improperly assessed against it on extensions of the completion date of the contract. Claimant cross-appeals from the parts of the judgment which disallowed its $774.87 claim for use of Darex in cement and also from failure to allow interest from the completion and acceptance of the contract performance. The proposal upon which bids were solicited set forth the approximate quantity of unclassified excavation to be moved which it estimated to be 764,000 cubic yards. Claimant's bid was based on a unit price of 50 cents per cubic yard and it was paid for the full amount of 841,979 cubic yards actually moved in accordance with the contract provision that any additions caused by variation in quantities would be paid for at the unit bid prices. Having been paid in accordance with the contract claimant cannot recover for any loss suffered by it resulting from a difference between the estimated quantities and those actually found unless there is proof that the Authority acted in bad faith by concealing what it was bound to disclose. (*Johnson, Drake & Piper* v. *New York State Thruway Auth.*, 22 A D 2d 321, 323, 324.) Claimant contends that the Authority withheld material information by not making a soil survey report available to it. The report referred to was made by Authority's soils engineer to aid the design engineer in the preparation of

the plans. We find no material statement in the report relating to soil conditions affecting performance of the contract which were not discoverable by inspection of the site, the plans, specifications, and the boring logs all of which were available to bidders before their bids were submitted, nor do we find any evidence of bad faith or intentional misrepresentation on the part of the Authority. The imposition of engineering and inspection charges by the Authority after its original extension of the completion date of the contract from June, 1957 to November 1, 1957 free of such charges was not an abuse of the Authority's discretion. Claimant failed to prove its $774.87 claim based on the use of Darex in its concrete construction and the Court of Claims properly dismissed that item of its claim. The judgment allows $3,468.59 interest on the $150,808.11 severed claim (reduced to judgment and paid Oct. 20, 1959.) Interest was not allowed from September 23, 1958 when contract performance was accepted to October 20, 1959 but was allowed only from March 23, 1959 to October 20, 1959. Interest should be allowed from the contract's acceptance date (Sept. 23, 1958) to August 17, 1959 when claimant refused to accept the $150,808.11 tender. The judgment should be modified by deleting therefrom the $228,614.92 award for damages sustained from misrepresentation of quantities of unclassified excavations and the $2,128.27 award for engineering and inspection charges; by deleting the award of interest thereon; by increasing the award for interest on the severed judgment prior to October 20, 1959, and by allowing interest on that award from October 20, 1959 to May 5, 1964, and as so modified the judgment should be affirmed, without costs. (Appeal and cross appeal from judgment of Court of Claims on a claim for damages for breach of contract.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.